**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **JON TRAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:26-cv-277** |
| | ) | |
| **VESTIL MANUFACTURING CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

The Plaintiff, Jon Travis (hereafter "Travis"), brings this action against his former employer, Vestil Manufacturing Corp. (hereafter "Defendant") alleging that Defendant violated his rights under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C § 12101 *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601 *et seq*.

### II. Parties

1. Travis has resided within the Northern District of the State of Indiana at all relevant times.

2. Defendant is a manufacturing company located at 2999 N. Wayne St., Angola, Indiana 46703, within the Northern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

4. Travis was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

5. At all relevant times, Travis has had a close association with a qualified individual with a disability, a record of a disability, and/or is regarded by Defendant as having a disability.

6. At all relevant times, Travis was an "eligible employee" as that term is defined by the FMLA.

7. At all relevant times, Travis had a family member who had a "serious health condition" as that term is defined by the FMLA.

8. At all relevant times, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the location where Travis worked.

9. Travis worked 1,250 or more hours in the relevant twelve (12) month period.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

11. Travis has satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

12. Venue is proper in this Court.

## IV. Factual Allegations

13. Travis began working for Defendant on January 15, 2024.

14. At all times relevant, Travis has been employed as a welder/fabricator for Defendant.

15. At all times relevant, Travis was supervised by department supervisors Dan Penick ("Penick") and Tyler Bouchert ("Bouchert").

16. At all times, relevant, Travis met or exceeded Defendant's legitimate employment expectations.

17. Travis's wife, Brandy Siler (hereafter "Siler") is a qualified individual with a disability, has a record of disability, and/or is regarded by Defendant as having a disability.

18. Siler has been diagnosed with rheumatoid arthritis, Pott's disease, Graves' disease, heart conditions, fibromyalgia, gout, and spinal conditions.

19. At all relevant times, Defendant, including Bouchert, had knowledge of Travis's close association and of Siler's disabilities.

20. In July 2025, Siler's conditions required hospitalization. Travis was absent from work for three (3) consecutive days to help care for and be with Siler during her hospitalization.

21. On the third day of Travis's absence, Human Resource Manager Barbara Carroll called Travis and told him that three days was "his limit" and that he would be terminated if he did not return to work, despite Siler being hospitalized.

22. Defendant utilizes a point system to track employee discipline related to attendance, with termination occurring upon accumulation of ten (10) points. At the time Carroll threatened Travis's employment in July 2025, Travis had accumulated six (6) of ten (10) points total and was not in imminent danger of termination based upon his point total, as Carroll represented.

23. Defendant failed to advise Travis of his rights under the FMLA when he missed three consecutive days and Defendant threatened his employment in July 2025, as required by law.

24. Despite Siler remaining hospitalized, Travis returned to work on the third day in response to Carroll's threat.

25. On or about July 17, 2025, Travis requested and received leave under the FMLA. Travis's requesting of and taking of FMLA leave constitutes protected activity under the FMLA and ADA.

26. After Travis began taking FMLA leave, Defendant began to hyper-scrutinize his absences, requiring him to complete certain procedures within an arbitrary timeframe in order to "claim" FMLA days, and classifying days as "no call, no show" if Travis did not complete Defendant's procedures within that arbitrary time.

These misclassified absences were counted against Travis for purposes of Defendant's point system.

27. Defendant's classification of what should have properly been FMLA-protected leave as "no call, no show" absences constitutes interference with Travis's FMLA rights and retaliation for his protected activity.

28. In October 2025, Defendant pressured Travis to take a part-time position with Defendant or to "voluntarily" resign.

29. Travis refused to resign, but did apply for the part-time position. He was not selected.

30. On or about December 29, 2025, Travis received an email from Human Carroll ("Carroll") stating that he had exhausted his FMLA leave and that his point total had reached ten (10) points, and that he was being terminated.

31. Travis's termination was effective December 31, 2025.

32. The timing of Travis's termination, on the date his FMLA leave exhausted, and Defendant's prior adverse actions, including the termination threat in July, the failure to notify Travis of his FMLA rights, the misclassification of FMLA days, and the pressure to resign, demonstrate that Defendant's stated reason for termination is a pretext for unlawful discrimination and retaliation.

33. Defendant has failed and refused to apply the same standard to Travis as it has applied to similarly situated employees who do not have close association with an

individual with a disability and/or who have not requested or taken FMLA-qualifying leave.

34. Travis has been damaged, and continues to be damaged, by Defendant's unlawful actions.

## V. Causes of Action
## COUNT I
## DISABILITY DISCRIMINATION – ADA

35. Travis hereby incorporates paragraphs 1–34 of his Complaint.

36. The acts alleged above constitute unlawful employment practices in violation of the ADA.

37. Defendant has failed and refused to apply the same standard to Travis as it has applied to similarly situated employees who are not closely associated with a qualified individual with a disability.

38. Defendant took unlawful, adverse employment actions against Travis because of his close association with Siler, a qualified individual with a disability, including when it pressured him to resign and when it terminated his employment.

39. Defendant's actions, as alleged above, deprived Travis of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

40. Travis has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

41. Defendant's unlawful actions against Travis were intentional, willful, and done in reckless disregard of Travis's rights as protected by the ADA.

**COUNT II**
**RETALIATION – ADA**

42. Travis hereby incorporates paragraphs 1–41 of his Complaint.

43. The acts alleged above constitute unlawful employment practices in violation of the ADA.

44. Defendant failed and refused to apply the same standard to Travis as it has applied to similarly situated employees who have not engaged in protected activity.

45. Travis engaged in protected activity under the ADA by requesting and taking FMLA leave in connection with Siler's disability.

46. Defendant took unlawful and retaliatory adverse employment actions against Travis in response to his protected activity, including hyper-scrutinizing his FMLA leave, misclassifying FMLA days as unexcused absences, pressuring him to resign, and terminating his employment.

47. Defendant's actions, as alleged above, deprived Travis of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

48. Travis has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

49. Defendant's unlawful actions against Travis were intentional, willful, and done in reckless disregard of Travis's rights as protected by the ADA.

**COUNT III**
**VIOLATIONS OF THE FMLA**

50. Travis hereby incorporates paragraphs 1–49 of his Complaint.

51. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

52. Defendant failed and refused to apply the same standard to Travis as it has applied to similarly situated employees who have not requested FMLA-qualifying leave and/or taken FMLA leave.

53. Defendant's actions, as alleged above, constitute interference with Travis's FMLA rights, including by failing to notify Travis of his FMLA rights when threatening his employment in July 2025, and by misclassifying FMLA-protected leave days as unexcused "no call, no show" absences that were counted against him under Defendant's point system.

54. Defendant's actions further constitute retaliation against Travis for requesting and taking FMLA-qualifying leave, including when it pressured him to resign and when it terminated his employment on the date his FMLA leave was exhausted.

55. Travis has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

56. Defendant's unlawful actions against Travis were intentional, willful, and done in reckless disregard of Travis's rights as protected by the FMLA.

## VI. Relief Requested

WHEREFORE, Plaintiff, Jon Travis, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Travis to the same or similar position, salary, and seniority, or pay front pay and benefits to Travis in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Travis;

3. Defendant pay liquidated damages to Travis;

4. Defendant pay compensatory and punitive damages to Travis;

5. Defendant pay pre- and post-judgment interest to Travis;

6. Defendant pay Travis's attorneys' fees and costs incurred in litigating this action;

7. Defendant pay to Travis any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*/s/ Eric J. Hartz*

Eric J. Hartz, #29676-49
HARTZ LAW OFFICE LLC
207 W. Michigan St.
LaGrange, IN 46761
Tel: (260) 463-7461
Email: eric@hartzlaw.com

Counsel for Plaintiff, Jon Travis

**DEMAND FOR JURY TRIAL**

The Plaintiff, Jon Travis, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Eric J. Hartz*
Eric J. Hartz